El Pueblo de Puerto Rico, demandante y apelado, *v.* Andrés Avelino Correa Laugart, acusado y apelante.

Núm. 7603.—*Sometido:* Abril 27, 1939. *Resuelto:* Mayo 16, 1939.

*Carlos D. Vázquez,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Asociado Señor Wolf emitió la opinión del tribunal.

Andrés Avelino Correa Laugart fué acusado del delito de extorsión ante la Corte de Distrito de San Juan. Su caso fué llamado el 13 de diciembre de 1938, él se declaró culpable y la corte lo sentenció a un año de presidio con trabajos forzados. El acusado no estuvo representado por abogado durante la vista y no hallamos que él renunciara ese derecho.

En apelación se señalan los dos errores siguientes:

"1. La corte a quo cometió error al dictar sentencia condenando al acusado por la comisión del delito de extorsión, toda vez que la acusación formulada por el fiscal no imputa al acusado el expresado delito.

"2. La Hon. Corte sentenciadora cometió error manifiesto y actuó sin jurisdicción al condenar al acusado en este caso a virtud de que el acusado no fué advertido de su derecho a consultar y a estar representado por abogado."

El fiscal está enteramente de acuerdo con el segundo señalamiento de error y conviene con una de las razones alegadas por el acusado sobre la insuficiencia de la acusación.

En un número de casos, siguiendo la opinión de *Johnson* v. *Zerbst*, 304 U. S. 458, hemos resuelto que cuando un caso es juzgado sin abogado, el acusado tiene derecho por lo menos a un nuevo juicio. Los siguientes casos son aplicables a los principios que rigen la posición del acusado: *Pueblo* v. *Rodríguez (a) Garufa*, Núm. 7618; *Andino* v. *Corte de Distrito, Certiorari* Núm. 1172; *Pueblo* v. *Rosario Matta*, Núm. 7550; *Hernández Laureano* v. *Lugo*, Núm. 114, Hábeas Corpus, ante, pág. 416, *Pueblo* v. *Rivera*, decidido en abril 14, 1939 (ante, pág. 611.)

La acusación en este caso lee esencialmente así:

"El referido Andrés Avelino Correa y Laugart, allá para el día 12 de diciembre de 1938 y en la municipalidad de San Juan, P. R., que forma parte del distrito judicial del mismo nombre, ilegal, voluntaria y maliciosamente y habiendo amenazado a Matilde Berríos con publicar en un periódico de San Juan, hechos denigrantes que afectaban a su reputación, obtuvo de la referida Matilde Berríos que le entregara mediante dicha amenaza la suma de veinte dollars."

Las supuestas deficiencias de la misma fueron las siguientes:

"(a) Que la persona dueña de la propiedad objeto del delito de extorsión se desprendió de la misma con su consentimiento, obtenido éste como consecuencia de la fuerza o del temor.

"(b) Que los hechos denigrantes que el acusado amenazó con publicar en el periódico fueran secretos.

"(c) En qué consisten los supuestos hechos denigrantes.

El fiscal está de acuerdo en que la acusación es insuficiente por el fundamento (*a*), pero no vemos muy claramente que las palabras "obtuvo de la referida Matilde Berríos que le entregara mediante dicha amenaza la suma de veinte *dollars,*" no imputen que la propiedad fué obtenida con el consentimiento de la víctima, mediante el uso ilegal de fuerza o temor o so color de autoridad oficial. Para citas nos remitimos a los alegatos de ambas partes. Podría suceder que se nos convenciera de lo contrario, mas no creemos prudente resolver definitivamente la cuestión puesto que la excepción perentoria a la acusación debe discutirse en primera instancia ante la corte de distrito estando un abogado presente.

*Por tanto, siguiendo los precedentes citados, la sentencia debe ser revocada y devuelto el caso para ulteriores procedimientos no inconsistentes con esta opinión.*